UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61763-CIV-COHN/SELTZER

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

JEFFREY L. SCHULTZ and
REDFIN NETWORK, INC.,

    Defendants.

_____/

**<ins>FINAL DEFAULT JUDGMENT AGAINST DEFENDANT REDFIN NETWORK, INC.</ins>**

**THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendant Redfin Network, Inc. [DE 12] ("Motion").  The Court has carefully reviewed the Motion and the entire file of this case, including Plaintiff's Complaint [DE 1], the Affidavit of Service upon Defendant Redfin Network, Inc. ("Redfin") [DE 8], the Clerk's entry of default against Redfin [DE 10], and the failure of Redfin to respond to Plaintiff's Motion by the deadline of November 1, 2013.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court finds that Plaintiff has met its burden of showing that it is entitled to a final default judgment against Redfin.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendant Redfin Network, Inc. [DE 12] is **GRANTED**.  Judgment is hereby entered in favor of Plaintiff Securities and Exchange Commission, and against Defendant Redfin Network, Inc., as follows:

## Permanent Injunction

Redfin and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), see 15 U.S.C. § 78j(b), and Rule 10b-5(a) and (c) promulgated thereunder, see 17 C.F.R. § 240.10b-5(a) and (c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

In addition, Redfin and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act"), see 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

   (1) to employ any device, scheme, or artifice to defraud

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## Disgorgement and Prejudgment Interest

Redfin shall pay disgorgement of $18,290.00 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,190.49.  The total amount, $19,480.49, shall be due and payable within 14 days after entry of this Final Judgment, for which let execution issue.  Payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Redfin as a Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Redfin shall simultaneously send a copy of the letter and payment form to:  Robert K. Levenson, Regional Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131.  Redfin shall pay postjudgment interest on any delinquent amounts in accordance with 28 U.S.C. § 1961.  Plaintiff shall remit the funds paid pursuant to this paragraph to the United States

Treasury.

Redfin shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Redfin pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Redfin further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Redfin pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## Civil Penalty

Redfin shall pay a civil monetary penalty pursuant to Section 20(d) of the Securities Act, see 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, see 15 U.S.C. § 78u(d).  The amount of the civil penalty shall be determined by the Court upon Plaintiff's motion that shall be filed within 120 days of the date of this Final Judgment.

## Retention of Jurisdiction

The Court shall retain jurisdiction over this matter and Redfin to implement and carry out the terms of this Final Judgment and any other Judgments, Orders, and Decrees that may be entered, and/or to entertain any suitable applications or motions for additional relief within the jurisdiction of this Court.

## Rule 54(b) Certification

Alhough Plaintiff's claims against Defendant Jeffrey L. Schultz remain pending, the Court finds no just reason to delay the entry of judgment against Defendant Redfin.

See Fed. R. Civ. P. 54(b).

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of November, 2013.

                                                                           JAMES I. COHN
                                                      United States District Judge

Copies provided to:

Counsel of record

Jeffrey L. Schultz
7125 Rain Forest Drive
Boca Raton, FL  33434