UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61763-CIV-COHN/SELTZER

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

JEFFREY L. SCHULTZ and
REDFIN NETWORK, INC.,

      Defendants.
_____/

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND
## OTHER RELIEF AS TO DEFENDANT JEFFREY L. SCHULTZ

**THIS CAUSE** is before the Court on Plaintiff's Notice of Approval of Settlement,

Notice of Filing Consent of Defendant Jeffrey L. Schultz, and Request for Entry of Final

Judgment of Permanent Injunction and Other Relief [DE 18].  The Court has carefully

reviewed this filing and is otherwise fully advised in the premises.  Accordingly,

Judgment is hereby **ENTERED** in favor of Plaintiff Securities and Exchange

Commission and against Defendant Jeffrey L. Schultz, as set forth below.

The Securities and Exchange Commission having filed a Complaint, and Jeffrey

L. Schultz:  having consented to the Court's jurisdiction over him and the subject matter

of this action; consented to entry of this Final Judgment of Permanent Injunction and

Other Relief (the "Final Judgment"); waived findings of fact and conclusions of law; and

waived any right to appeal from this Final Judgment:

**I.**

## SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933

It is **ORDERED AND ADJUDGED** that Schultz and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1), by, in the offer or sale of any security, using any means or instruments of transportation or communication in interstate commerce or the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud involving the payment of undisclosed compensation in the form of cash, stock, or any other item of value to any investment advisor, manager, or trustee, or to any person associated with such investment advisor, manager, or trustee, or the manipulation of the price or volume of any security.

**II.**

## SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

It is further **ORDERED AND ADJUDGED** that Schultz and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(a) and (c), 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud involving the payment of undisclosed

compensation in the form of cash, stock, or any other item of value to any investment

advisor, manager, or trustee, or to any person associated with such investment advisor,

manager, or trustee, or the manipulation of the price or volume of any security.

### III.

### PENNY STOCK BAR

It is further **ORDERED AND ADJUDGED** that Schultz is permanently barred

from participating in an offering of penny stock, including engaging in activities with a

broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to

induce the purchase or sale of any penny stock.  A penny stock is any equity security

that has a price of less than five dollars, except as provided in Rule 3a51-1 under the

Exchange Act, 17 C.F.R. 240.3a51-1.

### IV.

### OFFICER AND DIRECTOR BAR

It is further **ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of

the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act,

15 U.S.C. § 77t(e), Schultz is prohibited from acting as an officer or director of any

issuer that has a class of securities registered pursuant to Section 12 of the Exchange

Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the

Exchange Act, 15 U.S.C. § 78o(d).

### V.

### INCORPORATION OF SCHULTZ'S CONSENT

It is further **ORDERED AND ADJUDGED** that Schultz's Consent [DE 18-1 at 1-5]

is incorporated herein with the same force and effect as if fully set forth herein, and that

Schultz shall comply with all of the undertakings and agreements set forth therein.

**VI.**

**RETENTION OF JURISDICTION**

It is further **ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VII.**

**DISMISSAL OF CLAIMS FOR MONETARY RELIEF**

It is further **ORDERED AND ADJUDGED** that the Commission's claims for disgorgement, prejudgment interest, and civil penalty against Schultz are **DISMISSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of January, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Jeffrey L. Schultz
7125 Rain Forest Drive
Boca Raton, FL  33434

4